WINDSOR,
February,
1835.

JOSIAH PRATT *vs.* JOSEPH A. GALLUP.

In an action on book, a defence arising from a tender and refusal, may be taken advantage of before auditors.

The parties are not competent witnesses to such tender, but it must be proved by other evidence than the oath of the party.

An account for goods sold, and charged after an action is commenced, are to be adjusted by auditors.

This was an action of book account, brought originally before a justice of the peace, and carried up to the county court by appeal, and now comes before this court on exceptions taken by the plaintiff to the judgment of the county court upon the report of auditors. The report disclosed, among other things not necessary to be stated, that the defendant had plead a tender to the plaintiff of $2, 50, which he charges on book, and attempted to sustain by his own oath, slightly corroborated by the deposition of one H. M. Bates. The report however states, that the tender was allowed by the auditors upon the oath of the party alone.

It also appeared from the report, that subsequent to the commencement of the suit, the defendant had sold and charged to the plaintiff on book, three dollars for a calf, in relation to which, the auditor found the following facts :

That a day or two previous to the date of said charge, the said Gallup sent the following writing—"My calf is now fit to butcher, and I am going away to be gone a week or so. If you want him, you may come and agree on the price, and take him, and pay me before long ;"—that in pursuance of the request in said writing, the said Pratt came up to the said Gallup's, (the said Gallup being absent on a journey) and agreed upon the price of the calf with the said Gallup's hired man, at three dollars, and took the calf away ;—that at the time the calf was taken, nothing was said about the pay ; but it was left to be arranged with said Gallup ;—that the said Gallup never applied to Pratt for pay for the calf, but that, on the morning of the 5th day of May, 1834, (it being the day of our sitting) the said Pratt sent one Samuel Brown, as his agent, with three dollars in money, (being the amount of said Gallup's charge for the calf) who, on the said morning, as agent as aforesaid, offered it to said Gallup as payment for said calf ; but that said Gallup refused to receive it, alleging "*that he had other accounts to be settled with Pratt;*—that the said Pratt testified (which there was no evidence to contradict) that he never authorized nor expected said calf to be charged on book, to

Windsor,
February,
1835.

Pratt
vs.
Gallup.

be brought into this accounting, and that he should not have bought, had he not considered it as agreed by said Gallup that he would receive the pay for said calf when it should be offered him, according to the terms of the said Gallup's writing, annexed as aforesaid.

Two questions arose in this case, first, whether a party in an action on book account was a competent witness to support a tender.

2d, Whether an account for goods sold and delivered, and charged on book after the commencement of an action, was to be adjusted by the auditors.

The first question was decided in the affirmative by the county court.

*E. Hutchinson, for plaintiff.*—We are not disposed to question the principle, that the parties are made general witnesses, by statute, to all matters necessary to be inquired into in adjusting their respective accounts, even though in some instances it may involve an inquiry into a special agreement. But whenever any fact is put in issue, which *might* have been specially pleaded in bar of the action, (were there nothing else in the case, requiring it to be sent to auditors,) to such fact, it will be found, that the oath of the party has never been considered competent testimony. That the party cannot testify in court, if so pleaded, is decided in *Reed* vs. *Barlow*, 1. Aik. Rep. 147. It is also there decided, that the defendant, by neglecting to plead the matter in bar, does not thereby preclude himself from urging the same defence before the auditors.—But that, by adopting the latter course, he makes himself a competent witness to a fact, to which he would be incompetent by the former, we think, is nowhere decided. In Connecticut, the authorities very fully and explicitly recognize the distinction above taken.

" Tender, release, accord and satisfaction should be pleaded specially."—1 Sw. Dig. p. 728.

" Where by special pleadings, as in the case of *tender,* accord, or arbitrament, any matter of fact is put in issue, it is *not* competent for the parties to testify to it."—1 Sw. Dig. p. 729.

In the case of *Bryan* vs. *Jackson,* 4 Con. Rep. 288, (decided in the year 1822) it will be perceived that their courts have gone the whole length of courts in this state, and allow the parties, " quoad the book debt, to testify freely and fully, like all other witnesses, in support or confutation of the account."

Yet, in the case of *Weed* vs. *Bishop*, in 7 Con. Rep. 128, (decided in the year 1828) the court decide, that the party is not com-

WINDSOR,
February,
1835.
───────
Pratt
vs.
Gallup.

petent to prove a new promise, to take the case out of the statute of limitations; and, in commenting upon the above cited case of *Bryan* vs. *Jackson*, the court say, "It is understood, that some general expressions, in the opinion of the Chief Justice, have been pressed into an authority for making the party an unlimited witness. The opinion warrants no such conclusion. On the contrary, it is limited thus: 'Where proper articles are charged on book, the parties, *quoad the book debt*, are admissible, like all other witnesses, to testify freely and fully, *in support or confutation of the account.*'" The opinion of the court then proceeds, "It would be doing violence to the language employed, to say, that it is hence to be implied, that a party may testify on an issue formed on a release, or *tender* pleaded; nor, within the knowledge of the court, has such a principle ever been recognized. Testimony on such issues, surely, is not '*quoad the book debt,*' nor 'in *support* or *confutation* of the account.'"

In the case of *Terrill* vs. *Beecher*, in 9 Con. Rep. 349, (decided in the year 1832, and reported in the year 1834,) the court, in their opinion, say, "Parties are not unlimited witnesses. They cannot testify on an issue formed on a plea of *tender*, or release, or accord and satisfaction, or a new promise to revive a debt barred by the statute of limitations;" and cite the case of *Reed* vs. *Bishop*, 7 Con. Rep. 228.

*Aiken and Edgerton for defendant.*—The only question presented in the bill of exceptions, is whether or not, in a book account action, the party is a competent witness to prove his own tender. It is insisted by the defendant, thath he is.

1. A party may be witness to prove a payment.—*Stevens* vs. *Richards and Trusdell*, 2 Aik. R. 81.—*Fay et al.* vs. *Green*, *Ib.* 386.—*May et al* vs. *Corlew*, 4 Vt. R. 12.

2. A tender is defined to be the formal offer of a debt to the person to whom it is due.—15 Petersdorf, top page 15, note. 5 Bai. Abr. 1.

And it is not perceived why a party should not be permitted to testify to the offer of payment made under such circumstances as to create a tender as well as to the payment itself.

3. Although a tender, at the time it is made, if enforced, does not discharge the debt, yet if the money tendered be sufficient, and be kept in readiness, and be brought into court for the creditor, (which is shown by the auditor's report to have been done in the presentation) the debt is thereby discharged, it then becomes a

WINDSOR,
February,
1835.
Pratt
vs.
Gallup.

payment, and as such, has relation to the time of the tender.— Chip. on Cont. p. 52.   5 Bac. Abr. 19.   Str. 1027, *Cox* vs. *Robinson.*

The party is permitted to testify that he offered his creditor the money, and that the creditor received in satisfaction, it is with equal reason competent for him to bring the money into court, and then testify that he had offered it to the creditor, and that the creditor refused to receive it, in one case the testimony is, that the money was received, and in the other, that it was refused.

If the party's interest in the suit as a temptation to perjury forms any reason for excluding his testimony in either case, it would seem that this reason would exist with much more force in relation to a payment than to a tender, inasmuch as proof of a payment which in fact was never made, might save to him both debt and costs, whereas a tender with the production of the money in court, could save him from the costs merely.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The first question which arises in this case is, whether the fact of a tender, relied on by the defendant, was sufficiently established.   The auditors state, that it was found from testimony of defendant alone, and the question is, whether he was a competent witness to that fact, in the trial before auditors.   It is, and has been for a long time, *vexata questio,* as to what facts the parties may testify in this action; and it is difficult to lay down any general rules upon the subject.   Most of the questions arising are referred to, and are decided by auditors.   Parties are witnesses before them, but they are not witnesses on the trial of any issue joined to the court or jury.   From the course of decisions on this subject, many questions which were formerly considered as proper to be tried by jury, must now be tried by auditors.   It has been decided that the plaintiff is not bound by his account given on oyer: he may produce a fictious account in oyer, to which, defendant cannot, with safety, plead payment or tender, and is therefore deprived of the benefit of such defence, unless he can avail himself of it on the hearing before auditors.   It has also been decided, that a defendant, before the auditors, can avail himself of the non-joinder of another, who should have been made defendant, contrary to the rule which, in other cases, requires this to be plead in abatement. It has also been decided, that a party may testify to a new promise, the effect of which is, to take an account out of the operation of the statute of limitations.   This decision was however qualified, by

WINDSOR,
February,
1835.

Pratt
vs.
Gallup.

saying, that on the testimony of the party *alone*, the auditors should not find the fact of the new promise to avoid the operation of the statute of limitations; and indeed, it is difficult to give any good reason why the party should be precluded from testifying to this fact, when he is made a witness for purposes so extensive as he has been, both in Connecticut and in this state. Qualified as this decision was, there can be no objection to it. As most every question in relation to an account, comes before auditors, and as the parties there are witnesses, and can avail themselves almost of every defence, if they are not permitted to testify in relation to any particular defence, it must be because that defence is made an exception to the general rule. The exception cannot well be derived from any general principles which are established on the subject. If we could separate the defences, and say that one defence could only be plead to the action, as a reason why the defendant should not account, and that another could only be taken advantage of in the hearing before auditors, we could then adopt as a general rule, that any matter which must be thus put in issue by a plea, must be proved by testimony other than the oath of the party. In relation to the particular defence relied on in this case, we are, however, inclined to say, that if a party relies on a tender of the amount due, although he may avail himself of this in the hearing before auditors, yet he must prove it by other testimony than his own oath;—that this must be considered as an exception to the general rule, which admits the party to testify to those matters which are a discharge, as a payment, or a settlement, &c. The decisions which have been made in relation to the testimony of a party, have been founded on a principle which will not apply to the case of a tender. In an action or claim on book, the plaintiff is permitted to testify to the sale and delivery, and to every material circumstance which constitutes the ground of his action, and this upon the supposed confidence existing between the parties. The sale and delivery of goods, or performance of services, are usually charged on book, or rest in account; and reliance is had on the book, and on the oath of the party to substantiate the charge. The defendant, by examination of the plaintiff, should be of course entitled to the same testimony, as to every thing which may be supposed to have passed between the parties in the same way, and arising from this mutual confidence in discharge of the claim. Hence we may examine the plaintiff as to any agreement about the price, the mode of payment agreed on, whether the goods or services were delivered or performed to or for the benefit of the defendant, or in payment or ex-

tinguishment of some antecedent claim which the defendant held against the plaintiff,—in short, whether there is any indebtedness from the defendant to the plaintiff. And as he may be subject to an action on the testimony of a plaintiff, and might not be able to substantiate his defence by the same testimony, it would be the height of injustice to leave him at the mercy of the plaintiff, or compel him to rely on the testimony of the plaintiff alone. The law therefore has provided, that he may also avail himself of the benefit of his own oath—may relate the facts as he understands them, and leave the triers to decide upon the weight of testimony, and so far there is no injustice or hardship, as the testimony only is to what may be supposed from the nature of the dealings between the parties, and from the confidence which is always placed in each other in relation to matters of account, to rest between them, and to have taken place between them alone, when no witnesses were called. It is to be observed, however, that no decision has as yet permitted the party to testify to any thing but what might either be given in evidence on the general issue, in an action of assumpsit, or but what would on some proper plea, be a full and complete defence in that action. A tender however is not of this description. It is only a temporary bar to the plaintiff's claim. It is an adversary proceeding, commonly made where a controversy is expected. Witnesses are usually called, and moreover, the tender must be kept good, and the money brought into court; and altho' it may be taken advantage of before auditors, for the reasons already suggested, yet I apprehend the money must be brought into court, and deposited for the use of the plaintiff;—that it is not sufficient to produce it to the auditors, who are only the triers of the controversy between the parties. As a tender is an adversary proceeding preparatory to a legal controversy, where witnesses may be, and usually are called, it is not a proceeding where the parties may be supposed to rely on the testimony of each other, and where there is no confidence placed. The reasons which have induced the courts to decide that a party may testify to a payment or settlement, or that which goes in discharge of the plaintiff's claim, do not require us to decide that the parties should be witnesses about the same. On this part of the case, therefore, we are of opinion that the party was improperly permitted to testify in relation to the tender.

On the subject of the charge for the calf, it may be remarked, there is nothing from the facts found by the auditors, by which we can say that it was not a proper charge on book. It seems the calf

Windsor,
*February*,
1835.

Pratt
*vs.*
Gallup.

was purchased in February, probably without any idea of its effect on the suit then pending. Whether there was any design on the part of Gallup, that it should have any effect on this suit, we can only conjecture; but as it was sold three months before the meeting of the auditors, and was a proper subject of a charge on book, for which no other security was taken, and must or might be recovered in an action on book, we can find no legal reason why it should not be allowed to the defendant. It having become a part of the account between the parties, the defendant was not obliged to receive the pay therefor and subject himself to the consequences of its determining this suit against him. If this operates injuriously to the plaintiff, it arises from the statute, which provides, that in actions of account, the auditors must take the account to the time of auditing.

This is not the first case which has been before us, where the balance of the account has been changed by the dealings between the parties, had subsequent to the bringing the action, so as to turn the case differently from what it would have been decided at the commencement. In this case, however, if the tender was actually made, as testified by the defendant, and which the auditors, from his testimony found, and there is some reason to suppose that it might have been so, from the deposition of Henry M. Bates, there was nothing due to the plaintiff at the commencement of this suit, and as he has availed himself of the advantage which the law gives him to exclude that evidence, which was improperly received by the auditors, but which however was satisfactory to them of the fact testified, he must of course rest satisfied under the disadvantage which he is laid under in consequence of another principle of law, which operates to the advantage of the defendant.

The result is, that on the alternative presented by the auditors, that if the court should be of opinion that three dollars for the calf should be allowed, and the tender was not legally sustained, there is due from plaintiff to defendant the sum of fifty cents, the defendant will be entitled to judgment for that sum.

The judgment of the county court, which was only for the defendant to recover his cost, must therefore be reversed, and judgment entered for defendant to recover fifty cents and his cost.